UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20025-CR-MORENO

UNITED STATES OF AMERICA,

      **Plaintiff,**

v.

**RONY JIRARDIN,**

      **Defendant.**
_____/

## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on March 13, 2020, a hearing was held to determine whether defendant **RONY JIRARDIN** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **RONY JIRARDIN** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged by indictment in the Southern District of Florida, with carjacking in violation of Title 18, United States Code, Section 2119(1).

2. The weight of the evidence against the defendant is substantial. The government has proffered that on June 28, 2019, a male victim opened the passenger door of his vehicle for a female victim and discovered the defendant sitting in the driver's seat. The male victim attempted to turn off the vehicle and the defendant

pointed a gun and said, "Cool it." The victims fled the scene and the defendant drove off in the vehicle.

Approximately a week later, law enforcement officers found the vehicle with a stolen tag attached. The defendant's passport was inside the center console of the vehicle and law enforcement officers recovered the defendant's fingerprints from various parts of the vehicle including the steering wheel.

The two victims identified the defendant as the man who had committed the carjacking.

3. The pertinent history and characteristics of the defendant support pretrial detention. The defendant was born on June 7, 1992 in Miami, Florida. The defendant has an extensive criminal record including between 13 and 20 arrests in the past ten years. The defendant has previously been arrested for strongarm robbery, marijuana possession, resisting an officer without violence, fleeing, battery, domestic violence by strangulation, kidnaping with domestic violence, grand theft and failure to appear. Approximately two weeks prior to the carjacking in the instant case, the defendant was arrested for grand theft and was on pretrial release at the time of the instant offense. Title 18, United States Code, Section 3142(g)(3)(A).

4. Based on the defendant's extensive criminal record, his participation in grand theft shortly before the instant offense, the defendant's use of a firearm in the instant offense and the fact that the defendant was on pretrial release at the time of the instant offense, the Court finds that the defendant would not obey the Court's orders, would likely continue in his illegal conduct if he were released on bond and constitutes a

danger to persons in the community. The Court specifically finds by clear and convincing evidence, there are no conditions or combinations of conditions which will reasonably assure the safety of other persons and the community.

The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Miami, Florida, this **13th** day of March, 2020.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE